UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE ABELYAN, | No. 1:26-cv-01789-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER TRANSFERRING CASE BACK TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| FERETI SEMAIA; KRISTI NOEM; PAM BONDI; and TODD LYONS, | |
| Respondents. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 17, 2026, petitioner filed the instant habeas petition in the United States District Court for the Central District of California. At the time of filing, petitioner was detained at the Adelanto ICE Processing Center, which resides within the jurisdiction of the Central District. Petitioner named, among others, his immediate custodian, Warden Fereti Semaia.

On February 26, 2026, petitioner advised that he had been transferred to the California City Correctional Facility in California City, which resides within the jurisdiction of the Eastern District. On March 5, 2026, the Central District Court transferred the matter to the Eastern District, finding jurisdiction had "shifted."

The Court finds the petition was incorrectly transferred. "[A] habeas petitioner

1

challenging his present physical custody within the United States must file in the district in which he is detained at the time of filing and must name as respondent his immediate custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 449, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). And "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.*; *Lennear v. Wilson*, 937 F.3d 257, 263 n.1 (4th Cir. 2019) (When the "Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where the petitioner filed a petition] retains jurisdiction.") (citing *Rumsfeld*, 542 U.S. at 441); *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) (same); *see also Ballard v. United States*, No. 2:24-CV-06080-SSS-E, 2024 WL 4646964, at *1 (C.D. Cal. Oct. 30, 2024), *appeal dismissed*, No. 24-7542, 2025 WL 3780269 (9th Cir. May 29, 2025) (same); *De La Garza v. Albarran*, No. 25-CV-10305-HSG, 2025 WL 3485157, at *2 (N.D. Cal. Dec. 4, 2025) (same).

As petitioner was detained within the jurisdiction of the Central District when he filed his petition and he named his immediate custodian as respondent, the Court finds the petition should have remained in the Central District as initially filed. The appropriate remedy is to transfer the matter back to the Central District of California.

IT IS SO ORDERED.

Dated:   **March 10, 2026**                   /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE